Ingram, Justice,
dissenting. I find no fault with the constitutional salvage of Code Ann. § 24A-2304 achieved by the court’s opinion in this case. I reach this conclusion because the *703 majority opinion concludes a child cannot be placed in a penal institution but can be placed in a secure facility of the Department of Corrections designed to rehabilitate rather than to punish juveniles. Otherwise, it seems to me that Code Ann. § 24A-2304 clearly would be unconstitutional in the framework of the Juvenile Code.
The chief concern which motivates me to write this dissent is that the record reveals this child was transferred to the Department of Corrections solely upon a finding by the juvenile court that the child breached his juvenile court probation by the commission of other crimes. No evidence was considered as to the specific treatment needed by the child and whether such treatment was unavailable within the Department of Human Resources.
I interpret Code Ann. § 24A-2304, in pari materia with the other sections of the Juvenile Code, to require a bifurcated hearing procedure which was not afforded to this child. The first phase of the court’s inquiry is that of adjudication, in this case to wit: did this child break his probation by committing the offenses charged against him? If the court makes an affirmative finding at this stage, the next phase required is a dispositional inquiry. This requires findings of fact relating to the physical and mental condition of the child and the availability or unavailability of resources within the Department of Human Resources to rehabilitate the child. See Code Ann. §§ 24A-2201, 24A-2301.
It is a serious step to cast a child out of the facilities provided through the juvenile court system and the Department of Human Resources into the area of penal responsibility assigned to the Department of Corrections. Sometimes it has to be done and perhaps it would have been done in this case even if additional factors had been considered, but it is not just this case with which I am concerned. I believe the General Assembly intended more than was considered in transferring this child to the Department of Corrections. A condition precedent to such a transfer would be that the state show the Department of Human Resources has no facility or program adequate to rehabilitate the child. Any less showing would, I believe, violate the spirit and intent of the Juvenile Code and imperil the philosophy and concern which prompted its passage.
One additional concern brought to our attention in this case is that the brief filed by the Attorney General confirms that, at the present time, the Georgia Department of Corrections does not have facilities available which can be used for juveniles. Until such an *704 institution is established in Georgia, I fail to see how the judgment of the trial court can be carried out even though affirmed by this court.
I would remand this case for further consideration by the trial court on the disposition of the child.